KEKER & VAN NEST LLP
ASIM M. BHANSALI - #194925
AJAY S. KRISHNAN - #222476
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188
abhansali@kvn.com
akrishnan@kvn.com

Attorneys for Plaintiff
COMCAST CABLE COMMUNICATIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 10      3890

| | |
|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, a Delaware limited liability company,<br><br>                                        Plaintiff,<br><br>        v.<br><br>RATES TECHNOLOGY INC., a Delaware corporation,<br><br>                                        Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

Plaintiff Comcast Cable Communications, LLC ("Plaintiff" or "Comcast") alleges as follows:

## I.   JURISDICTION AND VENUE

1.   This action arises, *inter alia*, under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2.   Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because, inter alia, a substantial part of the events or omissions giving rise to the claims occurred in this district.

## II.   INTRADISTRICT ASSIGNMENT

3.   This is a patent action subject to district-wide assignment under Local Rule 3-2(c).

## III.   THE PARTIES

4.   Plaintiff Comcast is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of Delaware, with a principal place of business in Philadelphia, Pennsylvania. Comcast is the nation's leading provider of cable, entertainment, and communications products and services, including the Xfinity Digital Voice service (formerly offered as Comcast Digital Voice service). Comcast serves roughly 8 million Digital Voice subscribers, including a substantial number of subscribers located within this judicial district.

5.   On information and belief, Defendant Rates Technology Inc. ("Defendant" or "RTI") is, and at all times mentioned herein was, a corporation organized and existing under the laws of Delaware, with its principal place of business at 50 Route 111, Suite 210, Smithtown, New York 11787.

6.   Comcast is informed and believes that RTI is engaged in the regular and systematic transaction of business in this judicial district through, *inter alia*, entering into agreements that provide rights under RTI-owned patents, with companies located in this District. The companies located in this District with whom RTI has entered into agreements include Cisco Systems, Inc., a principal supplier of equipment and components used in Comcast's Xfinity Digital Voice service.

1

## IV.    FACTUAL BACKGROUND

**A.    The Xfinity Digital Voice Service**

7.    Xfinity Digital Voice is a packet-based telephony service which is provided over Comcast's private hybrid fiber optic and coaxial cable ("HFC") network.  Comcast has been providing its Digital Voice service since at least 2004.

**B.    RTI Patents**

8.    RTI purports to be the assignee of United States Patent Number 5,425,085 ("the '085 patent"), entitled "Least Cost Routing Device for Separate Connection into Phone," and of United States Patent Number 5,519,769 ("the '769 patent"), entitled "Method and System for Updating a Call Rating Database."  A copy of the '085 patent is attached as Exhibit A, and a copy of the '769 patent is attached as Exhibit B.

**C.    Cisco Covenant Not to Sue**

9.    On or about November 4, 2003, RTI entered into a Covenant Not to Sue ("the Covenant") with third party Cisco Systems, Inc. ("Cisco"), a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California, 95134.  The Covenant is a valid and enforceable contract.

10.    Pursuant to the Covenant, Cisco obtained rights to make, use, sell, offer for sale, lease, import, distribute and otherwise transfer products covered by any RTI-owned or RTI-controlled patents, including the '085 and '769 patents.

11.    Comcast is a customer of Cisco.  Comcast purchases, and has purchased from Cisco, numerous types of equipment and components, including software, which Comcast uses to provide its Xfinity Digital Voice service.  The functions in Comcast's Xfinity Digital Voice performed in whole or part by Cisco-supplied equipment include call switching and signaling, including the routing of call signals.

12.    As a Cisco customer, Comcast obtained rights to make, use, sell, offer for sale, lease, import, distribute and otherwise transfer products covered by any RTI-owned or RTI-controlled patents, including the '085 and '769 pursuant to the Covenant, and the Covenant was intended to confer those rights on Comcast.

2

510300.01

**D.     RTI's Threats to Sue Comcast for Patent Infringement**

13.     On or about July 14, 2010, RTI President Gerald J. Weinberger wrote a letter to Comcast stating that RTI plans to file suit against Comcast for infringement of certain patents.

14.     In a telephone conversation on July 23, 2010, Mr. Weinberger stated that if an agreement between RTI and Comcast could not be reached within two weeks, RTI would sue Comcast for patent infringement.

15.     On or about July 23, 2010, Mr. Weinberger sent a facsimile communication to Comcast with a list of prices for a "covenant not to sue" on the '085 and '769 patents.

16.     On or about August 1, 2010, Mr. Weinberger sent Comcast a proposed covenant not to sue agreement for the '085 and '769 patents.

17.     On or about August 9, 2010, Mr. Weinberger sent Comcast a document in which he purported to describe RTI's infringement allegations as to the '085 patent.

18.     On or about August 13, 2010, Comcast advised Mr. Weinberger that it was evaluating RTI's claim chart and should be in a position to speak the following week if RTI still desired to do so.

19.     On or about August 23, 2010, Comcast advised Mr. Weinberger that: (a) the document purporting to describe RTI's infringement allegations as to the '085 patent was not a true claim chart against Comcast's telephony network or services but a purported mapping of an unidentified claim against a fictional network that bore little resemblance to Comcast's telephony network; (b) Comcast is confident that it does not infringe any claim in RTI's patents; and (c) if RTI understood how Comcast's Xfinity Digital Voice service operated, which it must to be asserting its claims, then it also would understand that the Covenant provides a total defense to RTI's claims.

20.     On or about August 25, 26 and 31, 2010, Comcast and RTI continued to discuss potential resolution of RTI's claims, but no resolution was reached and RTI advised Comcast that there was a very large disconnect between the parties.  RTI continued to threaten Comcast with a suit for patent infringement but communicated no further deadlines for reaching a negotiated resolution or any intention to forbear from bringing suit.

510300.01

21.     As a result of RTI's actions, Comcast has a reasonable apprehension that RTI will commence litigation against it on the '085 and '769 patents.

**RTI's Anticipatory Breach of the Covenant**

22.     RTI's allegations of infringement appear to target Comcast instrumentalities that are covered by the Covenant.  In discussions, RTI has not articulated a theory supporting its infringement allegations that would avoid implicating Cisco-supplied components in Comcast's network.  Thus, upon information and belief, RTI's infringement allegations necessarily target the functionality provided in part by equipment and components that Cisco sold and supplied to Comcast.

23.     In the course of communications between RTI and Comcast, RTI has taken the position that the Covenant does not immunize Comcast from liability for the alleged infringement of RTI's patents.

24.     RTI has alleged and does allege that Comcast's use of Cisco products, standing alone, infringes RTI's patents, whether or not one considers those aspects of Comcast's system that are implemented by non-Cisco products.

25.     RTI has alleged and does allege that Comcast's use of Cisco products, in combination with non-Cisco components, infringes RTI's patents.

26.     Comcast has repeatedly informed Mr. Weinberger that it believes RTI's infringement allegations would necessarily implicate and are precluded by the Covenant.

**E.     Justiciable Controversy**

27.     Comcast denies that any of its activities or products and services infringe any valid claim of the '085 patent or the '769 patent—the patents covered by the covenant not to sue that RTI has solicited from Comcast.

28.     There is a substantial, continuing and justiciable controversy between Comcast and RTI as to RTI's right to threaten or maintain suit for infringement of the '085 and '769 patents, as to the validity, scope and enforceability thereof, as to whether Comcast infringes any

1  valid and enforceable claims of those patents, and as to whether any Comcast conduct that RTI

2  accuses of infringement is authorized by virtue of the Covenant.

3  <center>V.  CAUSES OF ACTION</center>

4  <center>**FIRST CAUSE OF ACTION**</center>

5  <center>**(For Declaratory Judgment of Noninfringement of U.S. Patent No. 5,425,085)**</center>

6      29.    Comcast incorporates by reference as though set forth in full here paragraphs 1

7  through 28, inclusive.

8      30.    Based on, *inter alia*, RTI's stated intention to sue Comcast for patent

9  infringement, its provision of a "claims chart," RTI's transmission to Comcast of a list of prices

10  for a covenant not to sue, and the additional communications between the parties, Comcast has a

11  reasonable apprehension that RTI will file a lawsuit against Comcast alleging infringement of the

12  '085 patent.

13      31.    Comcast's activities, products and services do not directly infringe, literally or

14  otherwise, do not induce infringement, and do not contributorily infringe any valid and

15  enforceable claims, if any, of the '085 patent.

16      32.    Comcast further alleges that RTI has given up any right to sue Comcast for

17  alleged infringement of the '085 patent by entering into the Covenant, both by the rights directly

18  granted to Comcast in the Covenant and by the doctrine of exhaustion.

19      33.    Accordingly, a valid and justiciable controversy has arisen and exists between

20  Comcast and RTI.  Comcast desires a judicial determination and declaration of the respective

21  rights and duties of the parties herein. Such a determination and declaration is necessary and

22  appropriate at this time in order that the parties may ascertain their respective rights and duties.

23  <center>**SECOND CAUSE OF ACTION**</center>

24  <center>**(For Declaratory Judgment of Invalidity of U.S. Patent No. 5,425,085)**</center>

25      34.    Comcast incorporates by reference as though set forth in full here paragraphs 1

26  through 33, inclusive.

27      35.    Based on, *inter alia*, RTI's stated intention to sue Comcast for patent

28  infringement, its provision of a "claims chart," RTI's transmission to Comcast of a list of prices

<center>5</center>

<center>COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT</center>

for a covenant not to sue, and the additional communications between the parties, Comcast has a reasonable apprehension that RTI will file a lawsuit against Comcast alleging infringement of the '085 patent, and alleging validity of the '085 patent.

36.     Comcast alleges on information and belief that the '085 patent is invalid.  In view of the prior art and RTI's assertions of what the claims in the '085 patent cover, and further in view of basic deficiencies in the '085 patent, the '085 patent fails to satisfy one or more of the provisions for patentability set forth in Title 35, Part II, United States Code, particularly §§ 101, 102, 103 and 112, and the rules, regulations, and law pertaining thereto.

37.     Accordingly, a valid and justiciable controversy has arisen and exists between Comcast and RTI.  Comcast desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## THIRD CAUSE OF ACTION

**(For Declaratory Judgment of Noninfringement of U.S. Patent No. 5,519,769)**

38.     Comcast incorporates by reference as though set forth in full here paragraphs 1 through 37, inclusive.

39.     Based on, *inter alia*, RTI's stated intention to sue Comcast for patent infringement, RTI's transmission to Comcast of a price list for a covenant not to sue, and the additional communications between the parties, Comcast has a reasonable apprehension that RTI will file a lawsuit against Comcast alleging infringement of the '769 patent.

40.     Comcast alleges that its activities do not directly infringe, literally or otherwise, do not induce infringement, and do not contributorily infringe any valid and enforceable claims, if any, of the '769 patent.

41.     Comcast further alleges that RTI has given up any right to sue Comcast for alleged infringement of the '769 patent by entering into the Covenant, both by the rights directly granted to Comcast in the Covenant and by the doctrine of exhaustion.

42.     Accordingly, a valid and justiciable controversy has arisen and exists between Comcast and RTI.  Comcast desires a judicial determination and declaration of the respective

510300.01

1  rights and duties of the parties herein. Such a determination and declaration is necessary and

2  appropriate at this time in order that the parties may ascertain their respective rights and duties.

<p style="text-align:center">**FOURTH CAUSE OF ACTION**</p>

<p style="text-align:center">**(For Declaratory Judgment of Invalidity of U.S. Patent No. 5,519,769)**</p>

5      43.     Comcast incorporates by reference as though set forth in full here paragraphs 1

6  through 42, inclusive.

7      44.     Based on, *inter alia*, RTI's stated intention to sue Comcast for patent

8  infringement, RTI's transmission to Comcast of a price list for a covenant not to sue, and the

9  additional communications between the parties, Comcast has a reasonable apprehension that RTI

10  will file a lawsuit against Comcast alleging infringement of the '769 patent, and alleging validity

11  of the '769 patent.

12     45.     Comcast alleges on information and belief that the '769 patent is invalid.  In view

13  of the prior art and RTI's assertions of what the claims in the '769 patent cover, and further in

14  view of basic deficiencies in the '769 patent, it fails to satisfy one or more of the provisions for

15  patentability set forth in Title 35, Part II, United States Code, particularly §§ 101, 102, 103 and

16  112, and the rules, regulations, and law pertaining thereto.

17     46.     Accordingly, a valid and justiciable controversy has arisen and exists between

18  Comcast and RTI.  Comcast desires a judicial determination and declaration of the respective

19  rights and duties of the parties herein. Such a determination and declaration is necessary and

20  appropriate at this time in order that the parties may ascertain their respective rights and duties.

<p style="text-align:center">**FIFTH CAUSE OF ACTION**</p>

<p style="text-align:center">**(For Declaratory Judgment Regarding Comcast's Rights Pursuant to RTI's Covenant Not to Sue Agreement with Cisco)**</p>

23
24     47.     Comcast incorporates by reference as though set forth in full here paragraphs 1

    through 46, inclusive.

25
26     48.     On or about November 4, 2003, RTI entered into the Covenant with third party

    Cisco.  The Covenant is a valid and enforceable contract.

27

28

<p style="text-align:center">7</p>

510300.01

1     49.    Pursuant to the Covenant, RTI conferred on Cisco and its customers rights

2  regarding all patents owned or controlled by RTI, including the '085 and '769 patents.

3     50.    Comcast is a customer of Cisco and purchases from Cisco numerous types of

4  equipment and components, including software, that Comcast uses to provide the Xfinity Digital

5  Voice service.  The functions in Comcast's Xfinity Digital Voice service performed in whole or

6  part by Cisco-supplied equipment include call switching and signaling, including the routing of

7  call signals.

8     51.    The Covenant was intended to and in fact does protect Comcast against claims of

9  patent infringement by RTI.  Comcast is therefore a explicit and intended third-party beneficiary

10  of RTI's Covenant with Cisco, and the rights granted by RTI in the Covenant were intended to

11  extend to and in fact do expressly extend to Comcast.

12     52.    Based on, *inter alia*, RTI's stated intention to sue Comcast for patent

13  infringement, its provision of a document purporting to describe RTI's infringement allegations

14  as to the '085 patent, RTI's transmission to Comcast of a list of prices for a covenant not to sue,

15  and the additional communications between the parties, Comcast has a reasonable apprehension

16  that RTI will file a lawsuit against Comcast alleging infringement of the '085 and '769 patents.

17     53.    Any such lawsuit, which RTI has threatened and of which Comcast has

18  reasonable apprehension, would constitute a breach of the Covenant.  Any such lawsuit would

19  also inherently cause damage to Comcast, and indeed, RTI's threats to sue Comcast for patent

20  infringement have already caused damage to Comcast.

21     54.    Accordingly, a valid and justiciable controversy has arisen and exists between

22  Comcast and RTI.  Comcast desires a judicial determination and declaration of the respective

23  rights and duties of the parties herein. Such a determination and declaration is necessary and

24  appropriate at this time in order that the parties may ascertain their respective rights and duties.

<div align="center">

**SIXTH CAUSE OF ACTION**

**(For Anticipatory Breach of RTI's Covenant Not to Sue Agreement with Cisco)**

</div>

27     55.    Comcast incorporates by reference as though set forth in full here paragraphs 1

28  through 54, inclusive.

<div align="center">8</div>

510300.01

56.     On or about November 4, 2003, RTI entered into the Covenant with third party Cisco.  The Covenant is a valid and enforceable contract.

57.     Pursuant to the Covenant, RTI conferred on Cisco and its customers rights regarding all patents owned or controlled by RTI, including the '085 and '769 patents.

58.     Comcast is a customer of Cisco and purchases from Cisco numerous types of equipment and components, including software, that Comcast uses to provide the Xfinity Digital Voice service.  The functions in Comcast's Xfinity Digital Voice service performed in whole or part by Cisco-supplied equipment include call switching and signaling, including the routing of call signals.

59.     The Covenant was intended to and in fact does protect Comcast against claims of patent infringement by RTI.  Comcast is therefore an explicit and intended third-party beneficiary of RTI's Covenant with Cisco, and the rights granted by RTI in the Covenant were intended to extend to and in fact do expressly extend to Comcast.

60.     In the course of communications between RTI and Comcast, RTI has taken the position that the Covenant does not immunize Comcast from liability for the alleged infringement.  Comcast has repeatedly informed Mr. Weinberger that it believes that any RTI infringement allegations would necessarily implicate the Covenant.

61.     RTI's position that the Covenant does not immunize Comcast from suit and RTI's threats to brings suit against Comcast amount to an anticipatory breach of the Covenant.

62.     RTI's anticipatory breach has caused Comcast injury and damage, including the need to expend time, money, and resources to defend against RTI's threatened litigation.  Comcast's damages are ongoing and continue to accrue.

## VI.     REQUEST FOR RELIEF

WHEREFORE Plaintiff Comcast prays for relief against Defendant RTI as follows:

1.     For a declaratory judgment that:

  a.     Comcast infringes no valid and enforceable claim of the '085 patent;

  b.     The '085 patent is invalid;

  c.     Comcast infringes no valid and enforceable claim of the '769 patent;

1     d.     The '769 patent is invalid;

2     e.     Comcast is immune from liability for infringement of any RTI patent by

3  virtue of Comcast's use of any device or method obtained from Cisco;

4     f.     RTI, and those acting in concert with it or acting with knowledge of the

5  judgment herein, are without right or authority to threaten or maintain suit against Comcast, or

6  users of Comcast's products or services, for alleged infringement of the '085 or '769 patents.

7     g.     RTI is in anticipatory breach of the Covenant that it entered into with

8  Cisco.

9     2.     For an injunction prohibiting Defendant RTI, its officers, agents, servants,

10  employees, and attorneys, and those persons in active concert or participation with them who

11  receive actual notice thereof, from initiating infringement litigation against, and from

12  threatening, Comcast or purchasers or users of Comcast's products or services with infringement

13  litigation or charging any of them verbally or in writing with infringement of the '085 or '769

14  patents, or representing to any of them that infringement has occurred, because of any activities

15  of Comcast.

16     3.     For its costs, expenses and attorneys' fees incurred defending against RTI's

17  threatened litigation.

18     4.     For such other and further relief as the Court may deem appropriate.

19                    **VII.   JURY DEMAND**

20     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Comcast requests a jury trial

21  on all issues so triable.

22  Dated:  August 31, 2010                    KEKER & VAN NEST LLP

23

24                                      By: _____

25                                      ASIM M. BHANSALI
                                        AJAY S. KRISHNAN
26                                      Attorneys for Plaintiff
                                        COMCAST CABLE
27                                      COMMUNICATIONS, LLC

28

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

510300.01

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16 and Federal Rule of Civil Procedure 7.1, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Comcast Holdings Corporation owns 10% or more of Comcast Cable Communications, LLC.  Comcast Holdings Corporation is wholly-owned by Comcast Corporation, a publicly traded company.  No person owns 10% or more of the stock of Comcast Corporation.

In making the foregoing disclosures, the undersigned have not disclosed (1) individuals or entities which own less than 10% of the stock of Comcast Corporation or (2) individuals or entities against whom the patents-at-suit in this litigation have been asserted in separate litigation and who could stand to benefit from a determination by this Court adverse to the patentee.  The undersigned will make such additional disclosures as are ordered by the Court.

Dated:  August 31, 2010

KEKER & VAN NEST LLP

By: _____
ASIM M. BHANSALI
AJAY S. KRISHNAN
Attorneys for Plaintiff
COMCAST CABLE
COMMUNICATIONS, LLC

11